MR. JUSTICE WEBER
dissents:
I commend Justice Sheehy for his careful and competent analysis of the complex and confusing facts in this case. He has done an excellent job in putting together an understandable opinion.
I agree with the conclusion of the majority that the bank did have an agreement to loan money to the Stensvad interests.' However, I find there was an ample factual basis for the termination by the bank of that agreement to loan money, and the subsequent taking of possession of the Stensvad properties. The majority opinion refers to the reports of bank examiners who examined the Stensvad loan on November 12, 1971, just prior to the taking possession of the assets by the bank. The examiners point out that on November 12, nearly three and one-half months after the end of the fiscal year of Stensvad Cattle Co. Inc., the firm had been unable to compile a financial statement which would balance and which the accountant was prepared to certify. The examiners noted that as of June 30, 1971, checks had been issued in substantial amounts when insufficient funds were available to cover. The majority opinion points out that as of June 30, 1971, L. D. Stensvad Cattle Co. had a negative net worth of $271,058.17 with questionable assets even on that statement. In addition, there is evidence that during the weeks prior to taking of possession by the bank, Stensvad failed to remit substantial funds to the bank, Stensvad had failed to make payments to his investors, and funds were being diverted to other feedlot operations in direct disregard of bank instructions. As pointed out in the majority opinion, during all of 1971, Stensvad was grossly under financed, which made his operations subject to any adverse turns in the market. All of these facts are a sufficient basis for the action taken by the bank. I would therefore hold that the bank properly terminated the agreement to loan money to Stensvad, and refused to make additional loans, and *218 properly took possession of the various assets which constituted security for the loans.
I do concur with the majority opinion that the award of lost profits at the District Court level was speculative and not sustainable. I also agree that the valuation of the personal property in the amount of $354,111.00 and the value of the feedlot and elevators in the amount of $411,935.00 is correct. I would reduce the cattle valuation of $382,000.00 by the profit of $104,897.73 made by the bank because I would not find a conversion of the cattle. I would also eliminate the award of $48,000.00 for mishandling of business. Last, I would award interest to the bank after the appropriate reduction of its loan totals by the assets repossessed.